IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT BOEH | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-09-2365 |
| D. KENNETH HORNING | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff filed a Motion for Preliminary Injunction alleging he was being denied ARP forms, harassed by correctional staff at Maryland Correctional Training Center (MCTC), and denied medical care for the knee injury sustained during an assault by officers. Paper No. 6. He requests that this Court remove him from MCTC because of the continued threats to his safety by correctional staff as well as harassment including interference with mail, denial of showers, denial of recreation time, and mishandling of his food. *Id*. He further states that it is illogical for him to remain incarcerated at MCTC when he has filed a lawsuit against the institution.[1] *Id*.

In response to the Motion for Preliminary Injunction, Defendant explains that Plaintiff was assigned to administrative segregation on August 12, 2009, pending disposition of institutional infractions. Paper No. 11. Plaintiff was found guilty and sentenced to 120 days of disciplinary segregation. *Id*. The events leading to the infraction are disputed by Plaintiff and are the basis of his complaint. Paper No. 1.

Disciplinary segregation inmates are permitted to shower twice weekly; Plaintiff has not

---

[1] Plaintiff is advised that the instant case is proceeding only against Warden Horning, the only individual named Defendant. Plaintiff is further advised that the notation "et al." does not preserve a right to later name persons whom he feels are responsible for the wrongs alleged. *See* Paper No. 14 at p. 4.

been excluded from that practice. Paper No. 11 at Ex. B. Plaintiff has also been permitted out-of-cell recreation in the recreation cages provided for segregation inmates. *Id*. Defendant states that Plaintiff has actually complained about being bothered by other inmates who are in adjoining cages during recreation, establishing that he has indeed been permitted recreation time. *Id*.

Regarding Plaintiff's claim that officers are throwing his food into his cell too quickly, causing most of it to hit the floor, Defendant states that officers do not deliver food trays. *Id*. Inmate workers from general population place food trays in the slot of each cell door at which time the occupant takes hold of the tray to pull it into the cell. Defendant further asserts that if an inmate worker threw a tray into a cell, he would be disciplined and the recipient of the meal would be provided a replacement. *Id*.

Defendant denies that any officers are interfering with Plaintiff's mail and explains that it is contrary to the interests of correctional personnel to deprive inmates of contact with friends and family. *Id*. Defendant also denies the allegation that Plaintiff is denied access to ARP forms. He states that the forms are available upon request and that officers provide the forms to any inmate who asks for one. *Id*.

With respect to medical care, Defendant states that a nurse makes rounds in Housing Unit 5 every day to see if any of the inmates need medical care. If they need to see a doctor they are provided with a sick call slip. *Id*. In addition, sick call slips are available from the officers assigned to the housing unit and are provided to inmates upon request. *Id*. Defendant provides copies of Plaintiff's medical records indicating that he was seen by medical staff on August 23 and 25, 2009, for treatment of an outbreak of hives, but made no mention of an injury to his

knee. Paper No. 11 at Ex. C. He was seen on September 21, 2009, for pain in his left knee resulting from "old trauma" described as an old fracture sustained in a motorcycle accident. *Id*. at pp. 13, 28 and 29. He was again seen on October 2, 2009, for pain in his left knee and, for the first time, stated it was the result of an assault by officers on August 12, 2009. [2] *Id*. at p. 16. Plaintiff was seen by an orthopedic specialist at Bon Secours Health System in Baltimore on October 22, 2009. *Id*. at pp. 28—29.

Defendant also addresses Plaintiff's allegations that his transfer from MCTC is warranted because of the threat presented to him by correctional staff. Lieutenant Whiteman, the Unit Manager for MCTC segregation, spoke with Plaintiff about his desire to move to an upper level in a single cell due to other inmates bothering him during recreation. Paper No. 11 at Ex. B, p. 2. Plaintiff has not requested to speak to Whiteman since that time and voiced none of the complaints raised in the Motion for Preliminary Injunction during his conversation with Whiteman. *Id*. Further, Whiteman states that when he met with Plaintiff in October he walked without a cane and appeared to be in good health. *Id*.

## Standard of Review

A preliminary injunction affords an extraordinary remedy because it temporarily provides relief before trial which can be granted permanently after trial. *See Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F. 3d 342, 345 (4th Cir. 2009). The party seeking a preliminary injunction must demonstrate by a clear showing that: he is likely to succeed on the merits at trial; he is likely to suffer irreparable harm without preliminary relief; the balance of equities tips in his favor; and an injunction is in the public interest. *See Winter v. Natural*

---

[2] Defendant suggests it is significant that Plaintiff's first report of the assault occurred after the filing of the instant case. Paper No. 11 at p. 5.

*Resources Defense Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374-376 (2008).   It is no longer permissible to balance the potential hardships of each party before determining whether Plaintiff is likely to succeed on the merits.  Rather, Plaintiff must make a clear showing that he will likely succeed at trial.  *Real Truth,* 575 F. 3d at 346.  Plaintiff must also establish by a clear showing that he is likely to be irreparably harmed if the preliminary injunction is not granted.

## Analysis

While it is clear that a dispute concerning many of the allegations raised still exists in this case, Plaintiff's opposition to Defendant's Response to Show Cause has failed to establish that he is likely to succeed on the merits.  Plaintiff takes issue with whether or not he informed correctional staff that his knee was injured during a staff assault and points out that he raised that claim during his adjustment proceeding.  Paper No. 14.  He admits, however, that he has been seen by medical staff for his knee pain and that he has been provided with pain medication.  While that medical care may not have been provided as quickly as Plaintiff would like, he has failed to establish that he will succeed in a claim that he has been denied medical care.

With respect to the other claims regarding conditions of confinement, Plaintiff provides little more than bald allegations.  His observation that he has not heard from his two sons since the onset of this litigation offers nothing of evidentiary value to establish that his mail has been confiscated.  Paper No. 14.  His claim that he cannot retrieve his food tray because he is not permitted to keep his cane in his cell invites this Court to second-guess security measures best left to the expertise of correctional authorities.  *Id.*

In short there has been no clear showing that Plaintiff will succeed in proving at trial that he is harassed by correctional personnel at MCTC to such an extent that his transfer from that

institution is warranted, nor can Plaintiff establish by clear showing that he would be irreparably harmed if he is not transferred to another prison.  Accordingly, Plaintiff's Motion for Preliminary Injunction shall be denied.

### Other pending motions

Plaintiff's Motion for Summary Judgment seeks judgment in his favor based on Defendant's failures to address certain of his allegations regarding the claimed assault by correctional officers.  Paper No. 12.  As Defendant states, his responsive pleading is not due and the Response to Show Cause only addresses Plaintiff's Motion for Preliminary Injunction.  Paper No. 16.  Accordingly, Plaintiff's Motion for Summary Judgment shall be denied without prejudice subject to renewal after Defendant has filed his response to the Complaint.

Plaintiff has also filed a Motion for Appointment of Counsel.  Paper No. 15. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[3] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed.  *Id*.  Upon careful consideration of the motions and previous filings by Plaintiff, this Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself, or secure meaningful assistance in doing so.  Moreover, Plaintiff's claim is not unduly complicated.  Therefore, this Court concludes that there are no

---

[3] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

exceptional circumstances which would warrant the appointment of an attorney under §1915(e)(1). This motion shall also be denied without prejudice


December 11, 2009                                     /s/_____
Date                                                           RICHARD D. BENNETT
                                                               UNITED STATES DISTRICT JUDGE