## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBERT BOEH

                                      *

         Plaintiff                   *

     v.                             *          Civil Action No. RDB-09-2365

D. KENNETH HORNING        *

         Defendant              *
                                      ***

## MEMORANDUM OPINION

Pending is Defendant's unopposed Motion to Dismiss or for Summary Judgment.  Paper No. 19.   For the reasons set forth below, the motion, which will be construed as a Motion for Summary Judgment, shall be granted.

### Background

Plaintiff alleges he was assaulted by Sergeant Keplinger and other officers on August 12, 2009, at approximately 10:00 p.m., on housing unit 2, C-tier.  Paper No. 1 at p. 4.  He claims Lt. Wiles watched the officers assault him, slamming him to the floor.   Plaintiff states he is physically disabled and has problems with his lower left leg and his left arm.  *Id*.  He claims he suffered a serious injury to his left knee as a result of the assault and was denied medical attention for the injury.  *Id*.  Plaintiff states that he was dragged out of the housing unit by Keplinger and the other officers, taken to lock-up, and told he would receive an adjustment ticket.   Plaintiff claims the assault was in retaliation for filing an administrative remedy procedure request (ARP) regarding Keplinger three days prior to the assault.  He claims once he arrived in housing unit 5 he was placed in a small holding cell while his personal property was

packed up.  He claims several items of personal propery were missing when his property was later returned.

Plaintiff also claims that housing unit 5 does not have a sprinkler system installed "as is required by law."  Paper No. 1 at p. 5.  He states that officers are not always watching the tier and if a fire started he could die from smoke inhalation or severe burns.  *Id*.

Next, Plaintiff states there is no railing on the steps entering housing units 1 through 6.  *Id*.  He claims that elderly inmates and disabled persons like himself need the railing to hold on to when going up or down the steps to enter the housing units.  He states that handrails are required by law.  Plaintiff also complains that there are no handicap railings in the showers for for disabled or elderly.  *Id*. at p. 6.

Plaintiff claims that meals served to segregation inmates on housing unit 5 are cold and he is given no more than five minutes to eat.  *Id*.  He states he is not provided with anything to put his food tray on, therefore, he has to either eat his food quickly or not at all.  *Id*.   In addition, Plaintiff states the food is passed into his cell through a filthy food slot in the cell door.

Plaintiff states that disciplinary proceedings at the prison are unfair.  *Id*. at pp. 6—7.  He claims he was offered a plea agreement prior to the hearing which he rejected.  He states the hearing officer did not believe his defense, found him guilty, and imposed a segregation sentence which was double what he was offered in the plea agreement.  Plaintiff concludes that the practice is "a violation of several amendments."

Plaintiff asserts that the medical services at MCTC are inadequate to serve the number of inmates confined there.  He claims this inadequacy has resulted in excessive delays in receiving medical attention or medication for concerns raised in sick call slips.  Plaintiff alleges it takes well over a week for medical staff to see an inmate for a sick call slip; he waited for two months

to see the Physician's Assistant to get medication; and he waited several weeks to be seen about the knee injury sustained during the assault by officers.  Paper No. 1 at p. 7.

Lastly, Plaintiff alleges that windows are broken, there are no screens in the windows to keep out insects, and if you get sick, you will have to wait a week to be seen.  He states the cell gets drenched anytime it rains because frequently windows are missing panes.  *Id.*

Previously this Court denied Plaintiff's Motion for Preliminary Injunction. There was no clear showing that Plaintiff would succeed in proving at trial that he is harassed by correctional personnel at MCTC to such an extent that his transfer from that institution would be warranted, nor did Plaintiff establish by clear showing that he would be irreparably harmed if he was not transferred to another prison.   Paper No. 17.   In addition, Plaintiff's Motion for Summary Judgment was also denied without prejudice because the basis for his motion was that Defendant did not address all of his claims in the Response to Show Cause Order.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

### Exhaustion

The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
>  No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction

4

is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).   The argument that pursuit of administrative remedies would be futile to the case is also of no consequence.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion is required regardless of the fact that the relief sought is unavailable through the administrative remedy procedure).

Prior to the passage of the PLRA, this Court was permitted to stay a prisoner case while administrative remedies were being exhausted.  That option, however, is no longer available. "The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Nussle*, 534 U.S. at 524.  A claim which has not been exhausted may not be considered by this Court.  *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

## Analysis

Defendant has raised the affirmative defense of non-exhaustion, stating that Plaintiff has filed only one ARP which concerned a delay in medical treatment for his knee.  The ARP was dismissed after being investigated and Plaintiff did not appeal the denial.  The response on the ARP indicates that Plaintiff had received medical attention for the problem with his knee. Defendant states that Plaintiff has never raised his claim that he was assaulted by officers or his other claims concerning conditions of his confinement in an ARP.  Plaintiff fails to refute the allegation.

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase v. Peay*, 582 F.Supp.2d 523, 530 (D. Md. 2003); *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md.1997) (dismissing a federal prisoner's

lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir.2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).   The uncontroverted evidence establishes that Plaintiff did not avail himself of the administrative remedy process; thus, his complaint must be dismissed.   A separate Order follows.


<u>March 16, 2010</u>                          <u>/s/                                                      </u>
Date                                                         RICHARD D. BENNETT
                                                         UNITED STATES DISTRICT JUDGE